# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GILBERT LUJAN,

      Applicant,

v.                                                                         CV 06-0008 MCA/WPL

MICHAEL MARTIN, WARDEN
AND ATTORNEY GENERAL
PATRICIA MADRID,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Gilbert Lujan was convicted in a New Mexico state court of driving under the influence, speeding, and driving with a suspended or revoked license. (Doc. 11 Ex. A.) He was sentenced to a total term of 3 years and 181 days in prison, followed by 1 year of parole. (*Id.*) Lujan has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. (Doc. 1.) The matter is before me now on Respondents' motion to dismiss and memorandum in support. (Doc. 9, 10.) For the reasons that follow, I recommend that the motion to dismiss be granted.

### PROCEDURAL BACKGROUND

When Lujan was arrested for the offenses at issue in this proceeding, he was on probation for driving under the influence in Texas. His probation was revoked before trial was commenced on the New Mexico offenses. (Doc. 11 Ex. E at 2-3.) New Mexico placed a "hold" on him in accordance with the Interstate Agreement on Detainers (IAD), and he was eventually transferred here to face the charges. (*Id.* & Ex. 0.)

Lujan pled guilty to the New Mexico charges. (*Id.* Ex. A.) After being sentenced, he filed an appeal to the New Mexico Court of Appeals, arguing that the trial court erred by ordering his sentence to run consecutively to the Texas sentence and by failing to award him presentence confinement credit from the date that New Mexico lodged its detainer against him in Texas. (*Id.* Ex. B, C, E.) The New Mexico Court of Appeals rejected these arguments, and the New Mexico Supreme Court denied certiorari. (*Id.* Ex. F, H.) Lujan did not pursue any other post-conviction relief in state court. (Doc. 1 at 3.)

In his federal habeas application, Lujan makes two claims, which I quote in their entirety. First, he asserts, "Violation of the interstate compact detainers and agreement [sic] for 180 days disposition of untried indictments." (*Id.* at 6.) Second, he asserts, "State of New Mexico failed to honor the statu[t]es pursuant to agreement on detainer[s] by not picking the petitioner [sic] and bring [sic] him in front of the court where the charges were pending." (*Id.* at 7.)

## DISCUSSION

Like Respondents, I construe Lujan's two claims to be that New Mexico violated the IAD by failing to bring him to trial within 180 days and by failing to accept temporary custody of him. *See* N.M. STAT. ANN. § 31-5-12 art. 3(A), 5(C). In their motion to dismiss, Respondents argue that these claims are procedurally defaulted, waived, and substantively meritless.[1]

Respondents assert that Lujan's claims are procedurally defaulted because he did not raise any argument regarding the IAD in his direct appeal and did not pursue habeas relief in state court. It is well settled that a claim is procedurally defaulted for purposes of federal habeas review if the prisoner

---

[1] On April 5, 2006, I ordered Lujan to file his response to the motion to dismiss by May 5, 2006. (Doc. 12.) To this date, Lujan has not filed a response or a motion for extension of time.

has not exhausted state remedies with respect to the claim and the court to which he would be required to present the claim to meet the exhaustion requirement would now find it to be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Hawkins v. Mullin*, 291 F.3d 658, 668-70 (10th Cir. 2002). It is also well settled in New Mexico that a person generally may not raise a claim in a state habeas proceeding that could have been adjudicated in a direct appeal. *See Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998); *State v. Gillihan*, 524 P.2d 1335, 1336 (N.M. 1974). In this case, however, I find it unnecessary to determine whether a state habeas court would find Lujan's IAD claims to be procedurally barred because the claims are clearly waived as a matter of federal law and do not present cognizable grounds for federal habeas relief.

A voluntary and unconditional guilty plea waives all non-jurisdictional errors occurring before entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003). Rights created by the IAD are not jurisdictional in nature. *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981). Accordingly, a guilty plea waives an IAD violation. *See United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987); *Beachem v. Attorney General*, 808 F.2d 1303, 1304 (8th Cir. 1987); *United States v. Odom*, 674 F.2d 228, 230 (4th Cir. 1982); *United States v. Paige*, 332 F. Supp. 2d 467, 471-72 (D.R.I. 2004); *accord Kenney v. Colorado*, Nos. 98-1317 & 98-1324, 1999 WL 476014, at *1 (10th Cir. July 9, 1999) (unpublished). Pursuant to these authorities, Lujan waived any violation of the IAD by pleading guilty.

Moreover, an IAD violation does not constitute a cognizable habeas claim unless "special circumstances" exist. *Knox v. Wyoming Dep't of Corrections State Penitentiary Warden*, 34 F.3d 964, 967 (10th Cir. 1994). Special circumstances exist when there is "a fundamental defect which

3

inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." *See id.* at 968 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994) and *Hill v. United States*, 368 U.S. 424, 428 (1962)) (internal quotation marks and alterations omitted). Lujan has not shown that any special circumstances exist here. He has not alleged that the purported IAD violations rendered his trial unfair, prevented him from mounting a defense, or resulted in the conviction of an innocent man. *See Maggard v. Gammon*, 197 F. Supp. 2d 1321, 1330-31 (D. Kan. 2002). Therefore, Lujan's IAD claims are not cognizable.

### RECOMMENDATION

I recommend that Lujan's habeas application be denied, the motion to dismiss be granted, and this cause be dismissed with prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE